UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASHAWN L. WILKS, 08752-025, | |
| Petitioner, | |
| v. | Civil No. 23-cv-2556-JPG |
| UNITED STATES OF AMERICA, | Criminal No 19-cr-40085-JPG-18 |
| Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Lashawn L. Wilks's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). He has also filed two motions for recruitment of counsel (Docs. 2 & 3).

### I.   Background

Wilks was charged with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1) and four counts of using a telephone to facilitate a felony (methamphetamine transactions) in violation of 21 U.S.C. 843(b) (Counts 11-14).[1] In April 2022, the petitioner pled guilty to two of the counts of using a telephone to facilitate a felony (Counts 11 & 13). His plea was pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which the parties had agreed to a sentence of 96 months in prison. Later, the Court allowed Wilks to withdraw his guilty plea.

In February 2023, Wilks again pled guilty to Counts 11 and 13 pursuant to a written plea agreement, and again the plea was pursuant to Rule 11(c)(1)(C) with the parties agreeing to a 96-

---

[1] Count 15 also charged Wilks with possessing a firearm after being convicted of domestic violence in violation of 18 U.S.C. § 922(g)(9), but Wilks's counsel was able to convince the Government to seek voluntarily dismissal of that count.

month sentence.  As part of the plea deal, the Government agreed to dismiss Counts 1, 12, and 14 against Wilks.

Immediately after the plea colloquy, the Court accepted the Rule 11(c)(1)(C) plea and sentenced Wilks to serve 48 months on each count of conviction to run consecutively, for a total sentence of incarceration of 96 months, the sentence to which the parties had agreed.  The Court did not give Wilks credit for time he spent before conviction on home detention.  In calculating this sentence, the Court found Wilks's relevant conduct to be 240 grams of a mixture and substance containing methamphetamine, which was necessary to achieve the agreed upon 96-month sentence consistent with the sentencing guidelines.  This was far less than the relevant conduct of 3.18 kilograms of methamphetamine ice recommended in the Third Revised Presentence Investigation Report ("Third Revised PSR"). and resulted in a sentencing range far less than the sentencing range based on the Third Revised PSR's relevant conduct.  And again, as part of the plea deal, the Government dismissed Counts 1, 12, and 14 against Wilks.  Wilks did not appeal his sentence.

## II.     Recruitment of Counsel

Wilks asks the Court to recruit counsel to represent him in this § 2255 proceeding. Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court.  *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights.  *Id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may

2

be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district.

After reviewing Wilks's § 2255 motion, the Court finds that Wilks is well able to articulate his arguments and will be able to obtain justice without an attorney. The absence of counsel at this stage in the case would not result in an unfair proceeding impinging on Wilks's due process rights. If Wilks has trouble meeting any deadlines because of his inmate status, he may seek reasonable extensions of time. Accordingly, the Court will deny Wilks's motions for recruitment of counsel (Docs. 2 & 3).

**III.    § 2255 Motion**

In his timely § 2255 motion, Wilks asserts that his counsel was constitutionally ineffective in violation of his Sixth Amendment rights by:

a) failing to give any sentencing guideline analysis before his first guilty plea;

b) failing to inform or anticipate a weapons enhancement and failed to properly argue against the enhancement;

c) misleading him regarding the court's ability to credit home confinement time to sentence of incarceration;

d) failing or refusing to subpoena text records;

e) failing to properly revisit plea and failing to relay plea offer;

    f)  failing or refusing to challenge the drug amount determined to be relevant conduct;

    g)  neglecting to inform him of the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000);

    h)  failing to investigate and challenge the use of prior convictions;

    i)  failing to investigate eligibility for the safety valve; and

    j)  failing to be reasonably available and accessible.

The memorandum in support of his motion explains certain nuances to Wilks's claims that are not articulated in the Court's summary above. The Government is advised to consider these additional nuances in any response.

    Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds f), g), h), and i).

## IV.   Analysis

    The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

Wilks asserts violations of his Sixth Amendment right to counsel. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 582 U.S. 357, 364 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458; *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough.

5

*Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice."). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 582 S. Ct. at 369.

The Court can dispose of a number of Wilks's ineffective assistance claims without a Government response. As a preliminary matter, any conduct of counsel leading to Wilks's first guilty plea to Counts 11 and 13 in April 2022 is immaterial since the Court allowed Wilks to withdraw that plea. Additionally, since Wilks entered into a Rule 11(c)(1)(C) plea in February 2023 agreed to by the parties and approved by the Court, any complaint that his sentence was infected by counsel's contributions to erroneous guideline calculations has no merit. The guidelines played no material role in his sentencing. On the contrary, his sentence was driven by his agreed sentence, not the sentencing guidelines. In fact, that agreed sentence of 96 months reflected outstanding performance by counsel to avoid facing a potential sentence in the neighborhood of 30 years had Wilks gone to trial and been convicted of Count 1.

Therefore, the Court focuses on how the errors Wilks asserts affected *his decision* to plead guilty the second time. The Supreme Court instructs:

> When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial would have been different than the result of the plea bargain. . . . [W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors,

6

he would not have pleaded guilty and would have insisted on going to trial. *Lee*, 582 U.S. at 364-65(internal citations and quotations omitted).

    1..    <u>Ground f)</u>

Wilks claims his counsel was constitutionally ineffective for failing to challenge the drug amount the Third Revised PSR found to be his relevant conduct—3.18 kg. of methamphetamine ice—and for failing to give him a copy of those objections. Wilks suffered no prejudice from counsel's conduct because, instead of challenging the relevant conduct, counsel negotiated a plea deal for a guaranteed 96-month sentence that obtained a far better result than challenging the relevant conduct amount would have. There is no reasonable probability that Wilks would not have decided to plead guilty and would instead have gone to trial had counsel challenged relevant conduct.

In fact, to arrive at a sentence calculation that would fit the agreed sentence, the Court had to find a relevant conduct amount of 240 grams of a mixture and substance containing methamphetamine, an absurdly low amount given the evidence outlined in the PSR. Even if Wilks's counsel had contested the PSR's relevant conduct amount, Wilks has articulated no argument and pointed to no evidence that would have had a reasonable chance of convincing the Court to make such a low relevant conduct finding in the absence of a Rule 11(c)(1)(C) agreement.

For these reasons, Wilks is not entitled to § 2255 relief on Ground f).

    2.    <u>Ground g)</u>

Wilks contends that his counsel was deficient for neglecting to inform him of the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that a jury must find

7

beyond a reasonable doubt, or a criminal defendant must admit, "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490.   Under *Apprendi*, it is permissible to stack statutory maximum sentences to achieve a total sentence exceeding each individual statutory maximum.   *United States v. Hernandez*, 330 F.3d 964, 982 (7th Cir. 2003).

Under the reasoning in *Hernandez* and other cases, the Court's 96-month sentence of Wilks does not violate *Apprendi*.   Wilks admitted to committing two offenses, each of which came with a statutory maximum sentence of 4 years—or 48 months.   The Court imposed that maximum on each count, and ordered that they run consecutively in order to achieve the 96-month sentence agreed to by Wilks and the Government.   Wilks knew when he entered the Rule 11(c)(1)(C) plea that he would receive a 96-month sentence.   Therefore, there is no reasonable probability that knowing the principles of *Apprendi*, or knowing that his 96-month sentence could be achieved by stacking the sentences for his individual crimes, would have caused him to reject the plea deal and instead go to trial.

Wilks seems to be under the incorrect impression that, under *Apprendi*, the jury must find, or the defendant must admit, the amount of relevant conduct.   He is wrong, and counsel's failure to endorse this wrong opinion is not deficient performance.   In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that a jury does not need to find, and a defendant does not need to admit, facts that increase a sentencing guideline range where the guidelines are advisory, as they were at Wilks's sentencing.   *Id.* at 226-27.   Courts are therefore permitted to find facts that increase an advisory sentencing guideline range "based on facts not charged in the indictment, not proven to a jury beyond a reasonable doubt or not admitted by the defendant."

*United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006).   There is no reasonable chance that, had Wilks been better informed about *Apprendi*, he would have chosen not to plead guilty and to go to trial instead.

    3.    <u>Ground h)</u>

Wilks alleges counsel was deficient in failing to investigate and challenge the use of his prior convictions in determining his criminal history score.   He believes that had counsel adequately investigated, he would have discovered that Wilks's criminal history category was III, not IV.

To the extent Wilks argues that his allegedly incorrect criminal history would have made him change his decision to plead guilty, he has presented no objective evidence of that theory. At a criminal history category IV, he faced a guideline sentencing range of 324 to 405 months if a jury convicted him on Count 1 and if the Court had adopted the other findings in the Third Revised PSR.   Even if Wilks were correctly determined to fall into criminal history category III, he would have faced a guideline range of 292 to 365 months.   In his plea, he was guaranteed a sentence of 96 months and that Count 1 would be dismissed.   Wilks has pointed to no objective evidence that he would have made a different decision about pleading guilty had he been facing only 292 to 365 months instead of 324 to 405 months.

Wilks is not entitled to § 2255 relief on Ground h).

    4.    <u>Ground i)</u>

Wilks argues that his counsel was deficient because he failed to investigate whether Wilks was eligible for the safety valve.   The so-called "safety valve" allows the Court to sentence a defendant with minimal criminal history without regard to a statutory mandatory

9

minimum.  18 U.S.C. § 3553(f).  The sentencing guidelines have their own "safety valve" at U.S.S.G. § 2D1.1(b)(18), which allows for an offense reduction of 2 points for defendants with minimal criminal history.  In his motion, Wilks admits he asked his counsel about the safety valve, and counsel told him he was not eligible.  This was accurate advice.

Wilks would not have been eligible for the safety valve.  Neither the statutory nor the guidelines safety valve provision applies if the defendant possessed a firearm, and Wilks did. 18 U.S.C. § 3553(f)(2); U.S.S.G. §§ 2D1.1(b)(18) & 5C1.2(a)(2).  Counsel researched the safety valve and properly concluded that Wilks was not eligible, so the safety valve could not have changed the relevant facts when Wilks's decision to plead guilty.  He has pointed to no objective evidence he would not have chosen to plead guilty had his counsel further investigated the safety valve.

Wilks is not entitled to relief on Ground i).

## V.     Conclusion

For the foregoing reasons, the Court **DENIES** Wilks's two motions for recruitment of counsel (Docs. 2 & 3).  The Court further rejects Grounds f), g), h), and i) of petitioner's § 2255 motion and **ORDERS** the Government to respond to Grounds a), b), c), d), e), and j) within **THIRTY DAYS** of entry of this order.  The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.  The petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   October 13, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
