UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASHAWN L. WILKS, 08752-025, | |
| Petitioner, | |
| v. | Civil No. 23-cv-2556-JPG |
| UNITED STATES OF AMERICA, | Criminal No 19-cr-40085-JPG-18 |
| Respondent. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner LaShawn L. Wilks's motion for an extension of time (Doc. 15) to respond to the Government's response (Doc. 14) to his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). He asks that the deadline be extended to 30 days after he receives transcripts he has requested in his criminal case. The Court has already denied his motion for transcripts in the criminal case.

A prisoner seeking to bring a collateral attack who does not have the assistance of counsel has a right to reasonable access to existing filed in his underlying case. *See Rush v. United States*, 559 F.2d 455 (7th Cir. 1977). But before providing copies free of charge or otherwise making portions of the record available to a prisoner, a district court may require that the requestor: (1) show that he is unable to pay for copies (i.e., through a certified record of his prison account), (2) show that he has exhausted *all* other means of access to his files (*i.e.*, through his trial or appellate counsel), and (3) make some showing as to the purpose for which the requested documents are sought. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19, n. 4 (7th Cir. 1980).

January 10, 2023, and February 27, 2023, Transcripts

After reviewing the Government's response (Doc. 14), the Court *sua sponte* reconsiders the ruling denying Wilks's request for transcripts (No. 19-cr-40085-JPG, Doc. 1034). Pursuant to 28 U.S.C.§ 953(f), the Court **CERTIFIES** that transcripts of the January 10, 2023, motion hearing (No.

19-cr-40085-JPG, Doc. 999) and the February 27, 2023, change of plea and sentencing hearing (No. 19-cr-40085-JPG, Doc. 1000), both of which have already been prepared and are in the Court record, are reasonably necessary to allow Wilks to reply to the Government's response and to decide the issues presented by this suit.

The Court is further satisfied that Wilks is indigent despite his failing to provide a copy of his inmate trust fund account statement. He was indigent during his criminal proceedings, and he has been incarcerated since his February 2023 sentencing.

Further, Wilks could not have obtained these transcripts from his criminal counsel because they were prepared recently and did not exist when Wilks was represented by counsel for his criminal case.

Accordingly, the Court **GRANTS in part** the motion for copies (Doc. 1033) and **DIRECTS** that a copy of the transcripts of the January 10, 2023, motion hearing (No. 19-cr-40085-JPG, Doc. 999) and the February 27, 2023, change of plea and sentencing hearing (No. 19-cr-40085-JPG, Doc. 1000), be provided to Wilks at Government expense.

April 20, 2022, Transcript

The transcript of the April 20, 2022, change of plea hearing (this plea was later vacated) (No. 19-cr-40085-JPG, Doc. 906), has already been prepared and is in the court file. However, Wilks has not shown that he has been unable to obtain a copy of this transcript from his trial counsel and that it is needed for his attempt to challenge *the other, unvacate* guilty plea in his criminal case. If he is able to make those showings—and a showing of current indigency—the Court may grant that request in the future. Until then, the Court **DENIES in part** this part of the motion for transcripts **without prejudice** (Doc. 1033).

November 30, 2021, February 17, 2022, and September 30, 2022, Transcripts

These transcripts have not been prepared and are not in the file. A defendant has a right to a

free transcript that has not already been prepared under the same circumstances as listed above except, of course, that there are no other sources from which he might obtain a transcript because it has not been prepared.  *See* 28 U.S.C. § 753(f); *see United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

Wilks has not shown indigency or explained why he needs these transcripts for his § 2255 motion.  If he is able to make those showings, the Court may grant that request in the future.  Until then, the Court **DENIES in part** this part of the motion for transcripts **without prejudice** (Doc. 1033).

Summary

In light of this order, Wilks's request for transcripts (Doc. 1033) is **GRANTED in part** and **DENIED in part** as set forth above; no part of the motion remains pending.  The Court further **DIRECTS** the Clerk of Court to file this order in Wilks's criminal and § 2255 cases and to provide Wilks a second complimentary copy of the public docket sheet for his criminal case (not including other defendants) along with this order.  The Court further **GRANTS** Wilks's motion for an extension of time to reply (Doc. 15) and **ORDERS** that Wilks shall have up to and including April 5, 2024, to reply to the Government's response to his § 2255 motion.

The Court further **DIRECTS** the Clerk of Court to transmit a copy of this order to the court reporter.  Transcripts shall be provided to LaShawn Wilks, Reg. No. 08752-025, FCI Gilmer, Federal Correctional Institution, P.O. Box 6000, Glenville, WV  26351.

**IT IS SO ORDERED.**
**DATED:   March 5, 2024**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**